TENEMENT HOUSE DEPARTMENT OF CITY OF NEW YORK v. GREEN.

(Supreme Court, Appellate Term. December 22, 1911.)

HEALTH (§ 38*)—REGULATION OF TENEMENT HOUSES—FIRE ESCAPES.

An owner of a tenement house, who shows by competent evidence compliance with Tenement House Law (Consol. Laws 1909, c. 61) § 16, relating to fire escapes, is entitled to judgment absolute in an action for a penalty; but a mere statement by his attorney, not under oath, that the tenement was duly supplied with fire escapes, is incompetent to show such compliance.

[Ed. Note.—For other cases, see Health, Dec. Dig. § 38.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Tenement House Department of the City of New York against Yetta Green. From a judgment of the Municipal Court of the City of New York for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Archibald R. Watson (John P. O'Brien and Charles J. O'Sullivan, of counsel), for appellant.

Maurice H. Gotlieb, for respondent.

LEHMAN, J. The return in this case states that the plaintiff complained against the defendant as follows: "Annexed"—and the said defendant answered as follows: "General denial; res adjudicata." There is no complaint annexed to the return, but the summons bears the following indorsement:

"Action for penalty. Failure to remove worn and defective treads of outside cellar stairs; repair water-closet seat; provide metal cover for roof tank; repair slate base of water-closet; provide sufficient means of egress in case of fire."

At the trial a tenement house inspector stated that he had examined the premises. The staircases were stone, with iron rails, and the partition and halls were laths and plaster. The flooring of the apartments is wood, and there are six families on each floor above the first; two apartments in the front, two apartments in the middle, and two apartments in the rear. There are fire escapes directly accessible to the two front apartments, and to the two rear apartments. Absolutely no further testimony was given by either side, but there was some· discussion as to whether a fire escape could be built to the center apart-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments, and a statement by the defendant's attorney, not under oath, that no such fire escape could be built, but that the defendant keeps the doors unlocked between the center and the front apartments. The court then said:

"It is a state of facts conceded. They are not disputed, and you may send me a memorandum of the law later on. It is not a question of fact at all. It is a question of an actual condition. Next Monday for any briefs you may have in this matter."

Thereafter judgment absolute was rendered in favor of the defendant. It is quite obvious that the judgment must be reversed. If the defendant can show that he has complied with the provision of the tenement house law in regard to fire escapes (chapter 61, art. 3, § 16, of the Consolidated Laws of 1909), he is entitled to judgment absolute; but he must show this by proper evidence appearing in the record. In this record there is no proof and no concession of such facts.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.